INTERNATIONAL TEXT BOOK CO. v. INHABITANTS OF CITY OF AUBURN.

(Circuit Court, D. Maine.    August 12, 1908.)

No. 611.

INJUNCTION—SUBJECTS OF RELIEF—ENFORCEMENT OF ORDINANCE.

An ordinance providing that "no person shall distribute on the public streets, or from any building, handbills, cards, circulars or papers of any description except newspapers," is within the police powers of a city, and its enforcement cannot be enjoined as an interference with interstate commerce at suit of a complainant engaged in such commerce, which seeks to advertise its business by the distribution of circulars, etc.; no discrimination between persons in such enforcement being charged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 155.]

In Equity.
See 155 Fed. 986.

D. C. Harrington and Emery G. Wilson, for complainant.
Henry W. Oakes, for respondent.

HALE, District Judge.   This cause in equity now comes before the court for final hearing on bill, answer, and proofs.   The complainant corporation is a citizen of Pennsylvania.   It is located at Scranton in that state, and is engaged in furnishing instruction to persons by correspondence and by transmission through the mails of books, pamphlets, and other means of instruction, both written and printed.   It claims that such furnishing of instruction and such transmission through the mails constitute commerce, and that this method of instruction and transmission to persons outside of the state of Pennsylvania constitutes interstate commerce.   The bill complains of the following ordinance of the city of Auburn, Me.:

"No person shall distribute on the public streets or from any building handbills, cards, circulars or papers of any description except newspapers."

It also complains of another section of the same ordinance, which provides that:

"Any person who shall violate any of the provisions of this ordinance to which a particular penalty is not attached, shall be liable to a fine or penalty not exceeding twenty dollars for each offence."

The bill charges:

"That the complainant's delivery of merchandise and books, and the giving of instruction by correspondence to students in the city of Auburn, Me., as heretofore stated, is interstate commerce, and the above defendant has no authority to regulate the same or impose said penalty fee upon complainant, its agents, representatives, employés, or servants, as a condition for the carrying on thereof of its business in soliciting persons to take courses of instruction or distributing circular matter, and, so far as it purports to interfere with complainant, is unconstitutional and void, and that said ordinance is in violation of article 1, § 8, cl. 3, of the Constitution of the United States, which provides that Congress alone shall have the power to 'regulate commerce with foreign nations, and among the several states, and with the Indian tribes.'"

It seems quite clear that, so far as the complainant's business is teaching alone, it is not commerce. Whether or not teaching, accompanied by the transmission of the written and printed matter which the complainant is accustomed to send, can be held to be commerce is not beyond question. Some of the Circuit Courts of the United States have held that the business of this corporation, consisting of the delivery of merchandise and books and the giving of instruction by correspondence to persons outside Pennsylvania, constitutes interstate commerce. On the other hand, in the recent case of International Text Book Company v. Lynch (Vt.) 69 Atl. 543, the Supreme Court of Vermont has taken the opposite view, and has said that:

"The transportation of letters and printed matter of all kinds is regulated by the postal laws of the country, and not by the laws of interstate commerce."

I am informed that the Vermont case has been carried by writ of error to the Supreme Court of the United States.

It is not, however, necessary for this court to decide whether the complainant's delivery of books and papers and giving instruction by correspondence to students of the city of Auburn constitute interstate commerce, within the meaning of the federal Constitution. Even if the courts should hold that such acts constitute interstate commerce, still, in my opinion, complainant is not entitled to an injunction. The proofs fail to show that, in enforcing the ordinance in question, the agents of the respondent city imposed any unreasonable or troublesome conditions upon the complainant corporation, or that they discriminated against nonresidents, or that they sought to invade any power which has been confided to Congress exclusively by the federal Constitution. The ordinance itself seems to me to be within the police power of a city. A commercial corporation is undoubtedly entitled, as one of its instrumentalities, to advertise and to solicit business in any orderly and reasonable way; but the federal courts cannot be invoked to lend their processes to enforce every kind of advertising and solicitation that can suggest itself to any person or corporation engaged in commerce. It is only proper and orderly advertising and solicitation that can be protected. This ordinance does not prevent the proper and orderly solicitation of business by means of handbills distributed to, or brought to the attention of, people at their places of business, or when engaged in business pursuits. It seeks to prevent the obstruction of the streets of a city by the solicitation of persons while traveling. It seeks to protect citizens from inconvenience and annoyance. It seeks to prevent interference with the good order of the highways and avenues of a city. It seeks to prevent them from being covered with scattered paper, and from being used as places of business, in a manner tending to interfere with the rights, comfort, and convenience of the public. It is unnecessary to cite the line of cases in which the Supreme Court has held that a city has, within its police powers, the right to make regulations promotive of domestic order. In my opinion, the ordinance in question belongs to this class of municipal legislation, is a regulation within the police powers of

a city, and is not an interference with the reasonable conduct of the complainant's business.

The decree must be that the bill be dismissed, with costs to the respondent.